FRANK ANCELL, Appellant, *v.* THE CITY OF CAPE GIRARDEAU *et al.*, Respondents.

1. *Practice, civil—Appeal—Motion for new trial not necessary when the error complained of appears on the face of the record.*—When the error complained of is not shown by a bill of exceptions, but appears on the face of the record proper, no motion for a new trial is necessary.

2. *Practice, civil — Pleading— Demurrer by all of several defendants, when the petition shows a good cause of action against some, should be overruled as to them.*—When a petition against several defendants shows a good cause of action against some of them, it should be overruled as to them, although sustained as to the others.

Ancell v. The City of Cape Girardeau et al.

*Appeal from Second District Court.*

*L. Brown, Jr.*, for appellant.

I.  No motion in the Circuit Court for a new trial was required, for it is never allowed to urge, in a motion in arrest, the same matters passed upon by the demurrer. (7 Mo. 298.) Would not the same reason dispense with a motion for a new trial? A demurrer is the pleading of a defendant, made so by statute, and is therefore a part of the record proper; and from a final judgment on a demurrer an appeal will lie, without either a motion in arrest or for new trial. (Leimer v. Pacific R.R., 26 Mo. 27.)

II.  The demurrer is too large. If the city of Cape Girardeau is in fact not a proper party to this action, the city of Cape Girardeau only could object. As it does not injure defendants Moore and Whitmore, they cannot complain. (Bank v. Young, 35 Mo. 372; Ashley v. Winston, 26 Mo. 213; 28 Mo. 138.)

III.  If the city of Cape Girardeau directed the trespass complained of, or assented to it after it was committed for their benefit, they are legally liable; and this is a fact to be proved like any other fact. Without this, however, the plaintiff could not recover against the city. (McManus v. Lee, 43 Mo. 208; 41 Mo. 484.)

*Shepherd & Green*, for respondents.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff sues to recover damages for an alleged false imprisonment. The defendants joined in a demurrer to the petition. The demurrer was sustained, and judgment was entered in favor of all the defendants. The plaintiff thereupon took his appeal without moving for a new trial.

1.  The error complained of in the proceedings of the Circuit Court is not shown by a bill of exceptions, but appears upon the face of the record proper. In such cases no motion for a new trial is necessary. (Hann. & St. Jo. R.R. Co. v. Mahoney, 42 Mo. 467.)

2. The demurrer was based upon the theory that the petition showed no cause of action against the city of Cape Girardeau, and that the city, therefore, was not a necessary party to the suit.

That a good cause of action is alleged against two of the defendants is not questioned. (Eddy v. Beach, 7 Abbott's Pr. 17; Shaw v. Jaynes, 4 How. Pr. 119.)

A good cause of action being shown against two of the defendants, the demurrer should have been overruled as to them, although sustained as to the other defendant. The case seems to fall fully within the principle of the decision in Bank of the State of Missouri v. Young's Adm'r, 35 Mo. 371, where it was held that the judgment was erroneously entered in favor of both defendants, since the petition showed a good cause of action against one of them. The defendants had demurred jointly, and the demurrer was sustained as to both, and judgment entered accordingly in favor of both. The judgment was reversed. It was suggested as a matter of practice that it would be better for parties so situated to demur separately.

Judgment reversed and cause remanded. The other judges concur.