————o————

THE UNITED STATES OF AMERICA, Respondent, vs. SILAS REED, Appellant.

1. *Eminent domain—Proceedings for condemnation of land—Exceptions filed out of time—Attempt at bargain with land owner—When need not appear.* —In proceedings for the condemnation of private property for public uses, in conformity with the act of March 10th, 1849, (Sess. Acts 1849, p. 593), as a general rule it must appear from the record that an attempt had been made to

purchase the land of the owner, before it can be appropriated *in invitum*. But where the owner appears in court after the time for filing exceptions is past, and obtains leave to file them on condition of waiving all objections save as to the sufficiency of the damages, he cannot afterward avail himself of the failure of the record to show such attempt at bargain.

*Appeal from St. Louis Circuit Court.*

*S. Simmons*, for Appellant.

*Wm. Patrick, U. S. Dist. Att'y*, for Respondent.

Vories, Judge, delivered the opinion of the court.

This proceeding was commenced in the St. Louis Circuit Court in pursuance of an act passed by the Congress of the United States, entitled "An Act appropriating money for the purchase of a suitable site and erecting a building thereon in the city of St. Louis, Missouri, to be used for the purpose of a Custom House, Post Office and other Federal Offices." Approved March 27th, 1872; and also, in pursuance of an act passed by the General Assembly of the State of Missouri, entitled, "An act giving the consent of the State of Missouri to the acquisition by the United States of so much land in the City of St. Louis as may be needed for public use." Approved March 16th, 1872 for the purpose of condemning or appropriating a certain lot of defendant in the city of St. Louis to the use of the United States for purposes set forth in the petition.

The particular section of the above named statute of this State under which this proceeding was commenced, is the 3d section of the Act of 1872 (Adj. Sess. Acts 1872, page 471), which reads as follows: "That if it shall come to pass, that the title to the parcel of land needed by the United States for public use in the city of St. Louis, shall be held in whole or in part by persons unable or unwilling to convey the same, then the United States may proceed in the same manner that is provided by Chapter Sixty-six of the General Statutes of Missouri, to acquire the title of the persons so unable or unwilling to convey the same.

There is no question made in this case in reference to the sufficiency of the petition filed in the Circuit Court, praying for the appointment of commissioners to assess the value of the defendant's land; provided that it sufficiently appears therein that defendant was unable or unwilling to convey his lot or land as is provided in the above recited statute. The allegations of the petition in this respect are as follows: "The said United States represent further, that they have been unable to agree with the respective owners aforesaid of said various lots hereinbefore described, upon the proper compensation to be paid on the appropriation of said premises for the uses aforesaid, and that said Silas Reed is a non-resident of the State of Missouri."

It may be proper here to remark, that the petition joined in the same proceeding all of the several owners of separate lots situated in and forming part of the block of ground sought to be appropriated to public use, and that the defendant, Reed, is proceeding separately to set aside the award of damages awarded to him for a small lot situate in the block aforesaid.

Notice was given to the parties in conformity with the statute of this State applicable to such cases; to the resident defendants by personal service, and the non-residents by publication; and at the time fixed by the notice for the hearing of the petition, only one of the defendants appeared. Publication was made as to defendant, Reed, but he made no appearance. The petition was heard by the court and the facts therein stated deemed sufficient, and the court, after considering the matter, proceeded to appoint three commissioners to assess the damages done to the respective parties by the appropriation of their respective parcels of land, as set forth in the petition. The commissioners, after being duly sworn, as the law directs, proceeded to view the respective portions of land belonging to the respective parties, after which they made a report of their proceedings and the amount assessed to the respective parties for their respective portions of the block of land to be appropriated, separately. The damages

assessed to defendant, Reed, for the damages done him by the appropriation of his lot, were twenty thousand dollars. This report was made in conformity with the 3rd section of Article 5, Wagn. Stat., 327. By the fourth section of the same act it is provided that "the report of said commissioners may be reviewed by the court in which the proceedings are held on written exceptions filed by either party in the Clerk's office within ten days after the filing of such report, and the court shall make such order therein as right and justice may require, and may order a new appraisement upon good cause shown, &c."

In this case the report of the commissioners was filed on the 19th of August, 1872. No exceptions were filed to the report by any of the defendants thereafter within ten days, and none were pretended to have been filed by defendant, Reed, in that time. But on the seventh day of September, 1872, the defendant appeared and filed with the clerk of the court in vacation his exceptions to the report of the commissioners. The clerk, it seems, received the exceptions and marked the same filed subject to all legal objections.

These exceptions so filed with the clerk stated as grounds of objection to the report, among a great many other things, the following: that "the damages assessed by said commissioners in their said report in favor of this respondent, Silas Reed, are grossly inadequate to compensate him for the loss by him sustained by reason of the appropriation of his said property in the petition described for the public uses therein mentioned, said property being worth at least the sum of thirty-five thousand dollars ; that the said commissioners acted arbitrarily in assessing damages, in this, that they refused to allow respondent to prove the value of his said property, and refused to take any evidence of the value of the land and the improvements thereon ; that said petition does not state facts sufficient to authorize the granting or the relief therein prayed ; that no effort was made by said petitioners to agree with the respondent upon the proper compensation to be paid him for said appropriation of his said property, nor did the petitioners at

any time prior to the filing of their said petition, nor have they since, made him any offer therefor."

On the 12th day of September, 1872, the said Circuit Court was in session, the same being a continuation of the June Term of said court, and the court, disregarding the exceptions filed as aforesaid by said Reed, rendered a final judgment on the report of the commissioners affirming the same and reciting that the money assessed to the different parties named in the report had been paid into court, and a decree of judgment was rendered vesting the title to the several lots and parcels of ground named in the report, including that of defendant, Reed, in the United States.

After the rendition of this judgment, and without any motion having been filed to set aside or otherwise vacate the same, the said defendant Reed, on the 18th of October, 1872, appeared in said court and filed a motion in said court asking leave to file exceptions in said cause to the report of the commissioners filed therein. This last named motion was as follows : "Now at this day comes Silas Reed, one of the respondents in the above cause, by his attorney, and prays the court to grant him leave to file his exceptions to the report of the commissioners in said cause, with the same effect as if the same had been filed within ten days after the filing of the Report of the commissioners in said cause, for the following reasons : Said respondent Reed is a non-resident of this State and was a non-resident at the date of the institution of said proceedings, being employed during said time and heretofore and now as Surveyor General of Wyoming Territory, and has only been notified of said proceedings by publication, and had no actual notice thereof until on or about the 7th day of September, 1872, on which day he notified his attorney to file exceptions to the report of the commissioners, which was done immediately upon respondent Reed hearing of the proceedings had in the assessment of damages herein ; so that no laches ought to be imputed to him for not filing his exceptions within ten days."

It seems from the bill of exceptions in the case that this last motion was heard on the day on which it was filed, and

after consideration of said motion by the court, said Reed was granted leave to re-file his said exceptions with respect to inadequacy of price with the same effect as if the same had been filed originally within ten days after the filing of the report of the commissioners. Afterwards, on the 8th day of November, 1872, the court granted a hearing and trial of the issues raised in said exceptions of said Reed, both parties, the petitioner and said Reed, consenting that the court should determine what additional allowance if any should be made to said Reed in the event that his exceptions should be sustained.

The court afterwards heard the cause under the agreement of the parties, and each party offered evidence tending to prove the value of the lot so set out in the petition as belonging to said Reed. The evidence was somewhat conflicting, some of the evidence tending to prove that the lot was worth not more than, if so much as the sum of twenty thousand dollars, that being the sum fixed by the commissioners in their report, while other evidence tended to show that the lot was worth more than that amount. After the evidence was heard the court overruled the exceptions filed by the defendant as to the damages allowed by the commissioners, and the defendant then filed a motion for a new trial, which being also overruled, the defendant appealed to General Term of said court, where the judgment rendered at Special Term was affirmed ; from which defendant appealed to this court.

The proceedings in this case after a final judgment had been rendered on the report of the commissioners, who had been appointed by the court, seem to have been irregular and rather extraordinary. It seems that the commissioners made their report which was regularly filed in court. After the filing of the report, the statute authorizes any person whose property is sought to be appropriated, to file exceptions to the report with the clerk of the court where the proceedings are pending at any time within ten days from the time the report was filed. No exceptions were filed in this case within the time allowed, but the defendant appeared and filed exceptions some eight or ten days after the time fixed for the filing thereof had

expired. The court, after the exceptions were so filed with the clerk, seems to have (as it certainly had the right to do) disregarded the exceptions thus filed out of time, and rendered final judgment on the report of the commissioners against all of the defendants to the proceeding including the defendant Reed. After the rendition of this final judgment, and without any attempt having been made to set the same aside, the defendant Reed appears in court and asks leave of the court to file exceptions to the report of the commissioners, which, when filed, were to have the same effect as if they had been filed within ten days after the filing of the report. The court gave him permission to file an exception to the report, if the exception was confined to the amount of the compensation allowed him by the commissioners. This the defendant seems to have agreed to, and after the exceptions were allowed to be thus filed, the parties consented to submit that single question, as to the proper amount of compensation to be paid defendant for this lot, to the court for hearing and determination, and with the further agreement that the court sustained the objection to the report on the ground that the damages assessed were inadequate, that the court should go on and fix the excess of damages to be allowed beyond the amount allowed in the report. The court heard this agreed case and overruled the defendant's exceptions, of course finding that the damages allowed in the report of the commissioners was sufficient. It is from this action of the court that the appeal is taken, and we are here asked on the appeal from this judgment rendered under such a state of facts, to review the action of the court in making the order appointing commissioners. This I have before said, seems to me to be irregular, at least, as long as the final judgment rendered on the report of the commissioners remains in force, no appeal having in any way been taken therefrom.

It is however insisted, by the defendant, that no authority was given the plaintiff to commence the proceeding against his lot until plaintiff had first attempted to purchase the lot from the defendant, and defendant had refused to sell the same at a

fair price, or the defendant was not able to convey; and that as neither of these facts appear on the record the court had no jurisdiction over the matter, and could not lawfully appoint the commissioners.

It has been several times decided by this court, that in cases like this it must appear in the proceedings that there has been a strict compliance with the law under which the proceedings are had, and that it must be shown that an attempt had been made to purchase the land of the owner, before any proceeding could be commenced to appropriate the same against the will of the owner. (Lind v. Clemens, 44 Mo., 540 ; Ellis v. Pacific R. R. Co., 51 Mo., 200.)

In the case under consideration the petition avers, that the United States had been unable to agree with the owners therein set forth upon the proper compensation to, be paid upon the appropriation of the premises for the uses of the United States.

The court after hearing this petition, the several parties having been notified as the law directs, appointed the commissioners. It seems to me then, that it does appear upon the record that no agreement could be made for the purchase of the land, and that the court acted upon a proper finding of that fact ; but be this as it may, when the defendant appeared in court and consented to waive all objections to the report of the commissioners, for the purpose of getting leave to file an exception out of time to the report, on the ground alone of the insufficieney of the damages, and went to the trial of that question by agreement, he thereby admitted that all of the facts stated in the petition, which were necessary to confer jurisdiction, were true, and that it is now too late for him to controvert said facts.

The evidence having been contradictory on the only question submitted to the court by the parties, and the court having found the facts submitted by the agreed case in favor of the plaintiff, and the evidence fully sustaining the finding, this court will not interfere.

Judge Wagner absent. The other Judges concurring, the judgment is affirmed.