BAGBY v. EMBERSON *et al.*, *Plaintiffs in Error.*

1  **Married Woman's Deed:** VOID CERTIFICATE OF ACKNOWLEDG-
MENT.  Where the certificate of acknowledgment of a married wom-
an's deed is fatally defective, and the deed is for that reason of no
validity either as a conveyance or a contract, it confers upon the
grantee no equity upon which to base a decree giving him the legal
title.

2.  **No Motion for New Trial** or in arrest of judgment is necessary
when the error complained of appears on the face of the record
proper.

*Error to  Johnson  Circuit  Court.*—HON.  NOAH  M.  GIVAN,
Judge.

REVERSED.

*Sam'l P. Sparks* for plaintiffs in error.

*John J. Cockrell* for defendant in error.

MARTIN, C.—This is a suit to divest title.  Lucy Ann
Emberson, wife of Robert Emberson, being seized of the
land in controversy, on the 28th day of November, 1865,
joined with her husband in the execution of a deed for it
to the plaintiff.  The consideration of the conveyance was
$1,200, which was paid by plaintiff, who entered into pos-
session of the land and has held it ever since.  The ac-
knowledgment of the deed by Mrs. Emberson as certified
by the notary was imperfect in failing to state that the grant-
ors mentioned in the certificate were the same persons whose
names were subscribed to the deed as parties thereto; and
in failing to state that Mrs. Emberson was made acquainted
with the contents of the deed, and that she acknowledged
on an examination separate and apart from her husband
that she executed the deed freely and without compulsion
or undue influence of her husband.  The imperfection of
this certificate left the instrument without validity, either
as a deed or contract of the wife, who owned the legal title.

In the present suit the plaintiff, after reciting these facts and alleging that the imperfection of the certificate was caused by a mistake or clerical omission of the officer taking the acknowledgment, prays to have the title divested from the heirs and the husband of Mrs. Emberson, who are the defendants in the case, and vested in himself. The court, after finding these facts as alleged in the petition, rendered a decree divesting the defendants of all title, and vesting the same in plaintiff. It is to this judgment the defendants prosecute this writ of error.

The decree was erroneous. The instrument being absolutely void either as a deed or contract, no equitable title could pass to the plaintiff, upon which to base a decree giving him the legal title. The equity to be administered upon a deed entirely void can never be an equity for the title, except, perhaps, under circumstances of estoppel. Such a relief would be in contradiction of the facts, and would be equivalent to enforcing a contract which is admitted to have no existence.

The equity administered in this class of cases has never gone any further than to decree an account between the parties with the view of returning them to the same condition in which they were before entering into the supposed contract, as near as that may be done. In this account the unsuccessful purchaser should be credited with the purchase money paid by him and with the value of all permanent improvements made in good faith which enhance the value of the land, and should be charged with the rents received by him from it. I allude to net rents or rental value. *Shroyer v. Nickell*, 55 Mo. 264. The principles upon which equity grants relief in this class of cases are considered more fully in the case of *Henry v. McKerlie*, 78 Mo. 416.

It is objected that the defendants made no motion for a new trial or in arrest of judgment. But the error complained of appears on the face of the record and needs no motion to disclose it. The facts stated in the petition

neither authorize nor justify the decree which was rendered. And as it fails to state a case under which any relief can be administered in equity, the case should be reversed and the bill dismissed, and it is so ordered. All concur.