131   553
88a  636

WOOD & HOUSTON BANK, *Appellant*, v. READ *et al.*

### Division One, December 11, 1895.

1. **Voluntary Conveyance**: CONSIDERATION: MARRIAGE.  A deed made before marriage and in consideration thereof is, in the absence of bad faith on the part of the wife, valid as against existing creditors, although not delivered until after the marriage.

2. **Deed**: CONSIDERATION: MARRIAGE: PURCHASER FOR VALUE.  While a deed made in consideration of marriage does not pass the title until delivered, yet the marriage constitutes full consideration to the husband and makes the wife a purchaser for value and entitles her to the delivery of the deed which a court of equity will compel him to make.

3. ———: VERBAL CONTRACT OF MARRIAGE: STATUTE OF FRAUDS.  A deed to a woman based upon a verbal contract of marriage is relieved from the operation of the statute of frauds by the complete execution of the contract on her part.

*Appeal from Jasper Circuit Court.*—HON. W. M. ROB-
INSON, Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1) The deed from defendant L. R. Read to defendant Helen, while dated and acknowledged prior to the marriage, was not delivered until after the marriage and had no validity or effect until delivered. *Huey v. Huey*, 65 Mo. 689; *Turner v. Carpenter*, 83 Mo. 333; *Hammerslough v. Cheathem*, 84 Mo. 13; *Sneathen v. Sneathen*, 104 Mo. 201.  (2) The marriage contract between defendants, relied upon as a consideration for the deed from defendant L. R. Read to defendant. Helen, was void and could not be enforced for two

reasons. *First.* Because not in writing. R. S. 1889, secs. 5186, 6853. *Second.* Because indefinite and uncertain in its terms and no property described. *Mastin v. Halley*, 61 Mo. 106; *Louthan v. Stillwell*, 73 Mo. 493; *Ringer v. Holtzclaw*, 112 Mo. 519. (3) The contract between defendants being void, the delivery of the deed after the marriage was voluntary and the transaction became a postnuptial settlement, and, having no valid antenuptial agreement to support it, it is void as to prior creditors. A parol antenuptial contract is not sufficient to support a postnuptial settlement. 1 Bishop, Law of Mar. Women [1 Ed.], secs. 777–779, 809–812; *Pawley v. Vogel*, 42 Mo. 291; *Satlerwaite v. Emery*, 43 Am. Dec. 618; *Carter v. Smith*, 60 Am. Rep. 740; *Henry v. Henry*, 27 Ohio St. 121; *Flourier v. Flourier*, 29 Ind. 564; *Wood v. Savage*, 2 Ding. (Mich.) 316; *Loyd v. Fulton*, 91 U. S. 479; *Anderson v. Jones*, 10 Ala. 400. (4) A voluntary conveyance will not be upheld against existing creditors who can not obtain satisfaction of their demand without resorting to property so conveyed, and will be set aside when made by a debtor in embarrassed circumstances without proof of fraud. *Obermier v. Tresler*, 9 Mo. App. 519; *Bohannon v. Combs*, 79 Mo. 305. And it is no defense that a creditor has other property upon which his judgment is a lien, as it is a lien upon both and he has the right to follow either. *Patton v. Bragg*, 113 Mo. 595. Indebtedness at the time of postnuptial settlement is evidence of fraud. *Wodson v. Pool*, 19 Mo. 340. In this state it has been held that an unrecorded marriage contract, while good between the parties, is void as to creditors without notice, under a statute substantially the same as our present statute on marriage contracts. *Wilkinson v. Robinson*, 19 Mo. 446; *State v. St. Gemmie's Adm'r*, 31 Mo. 230.

*J. T. James* and *A. H. Redding* for respondents.

(1)   The delivery of a deed is a mixed question of law and fact, and in this case was sufficient to vest title in Helen Smith.   The grantor, L. R. Read, signed, sealed, and acknowledged the deed, and intended that it should take effect as a conveyance and pass the title to Helen Smith.   *Staniford v. Staniford*, 97 Mo. 231; *Miller v. Lullman*, 11 Mo. App. 423; *Burke v. Adams*, 80 Mo. 504; *Rogers v. Carey*, 47 Mo. 232.   (2)   The consideration for that deed was marriage, the most valuable and favored by the law.   *Powell v. Moeller*, 107 Mo. 471.   (3)   The conveyance from Read to Helen Smith was made in accordance with an antenuptial promise.   It was made for the most valuable consideration and in strict pursuance of a promise made before marriage and with a view to marriage.   It was valid and should be upheld.   *Miller v. Lullman*, 11 Mo. App. 424.   (4)   The contract between L. R. Read and Helen Smith was not void, but voidable only.   They had a right to waive the necessity of the writing required by the statute and make the contract binding by fully performing it.   *Railroad v. Clark*, 121 Mo. 186; *Aultman v. Booth*, 95 Mo. 386; *Maybee v. Moore*, 90 Mo. 343. (5)   It would seem that the execution of the deed from L. R. Read to Helen Smith would be sufficient to take it out of the statute of frauds, although not delivered. *Bowles v. Woodson*, 6 Gratt. (Va.) 78; *Parrill v. Mc-Kinley*, 9 Gratt. 1.   But the marriage ceremony having been duly performed and the deed delivered, the contract was fully performed and taken out of the statute of frauds long before the plaintiff commenced its suit against these defendants.   (6)   A consideration of marriage is one highly favored in law, and although a parol antenuptial contract may be within the statute of

frauds, yet if it be wholly performed it will be binding upon the parties and third persons, and the rights acquired thereunder will be secure. Kelley on Married Women, pages 2 and 3, sec. 2; *Crane v. Gough*, 4 Md. 316; Wait on Fraudulent Conveyance, Creditors' Bill [2 Ed.], page 302, section 212. (7) Before an executed antenuptial contract will be held void, as to creditors for fraud, it must be shown that both the grantor and grantee participated in the fraud. The leading case on this point is *Prewit v. Wilson*, 103 U. S. 22. See, also, *Maginac v. Thompson*, 7 Pet. 348, 349; *State to use v. Mason*, 112 Mo. 374; *Van Raalte v. Harrington*, 101 Mo. 602. The petition does not charge fraud on the part of Helen Smith (Read), or that she knew that L. R. Read was indebted to anyone; but, on the contrary, the evidence shows conclusively that she knew nothing of L. R. Read's financial condition at the time the contract was made.

BRACE, P. J.—The defendants are husband and wife. The wife's name prior to her marriage was Helen Smith. They were married in the state of Illinois on the twenty-eighth of October, 1891. This action is to set aside a deed executed by the said L. R. Read, dated September 15, 1891, conveying to the said Helen Smith certain lots in Webb City in Jasper county, described in the petition, which deed was filed for record on the twenty-sixth of February, 1892.

On the eighteenth of April, 1892, the plaintiff recovered judgment in the Jasper county circuit court against the said defendant L. R. Read for the sum of $1,800, on which judgment execution was issued and levied upon said real estate, and at the sale in pursuance thereof plaintiff became the purchaser and received a sheriff's deed therefor. Afterward this suit was instituted returnable to the March term, 1893, of

the said circuit court, the plaintiff alleging in its petition that said deed from the said L. R. Read to the said Helen Smith was voluntary, without consideration, and made for the purpose of defrauding the creditors of said Read.

It appears that the liability upon which plaintiff's said judgment was recovered was as a stockholder in a bank in the state of Kansas, against which the plaintiff had recovered a judgment in that state in January, 1891, and that the Jasper county suit was instituted in February, 1892.

In August, 1891, the said defendant Helen was a widow residing in Elburn, Illinois, knowing nothing about defendant's property, or his liabilities, to whom the said L. R. Read, then residing in Webb City, proposed marriage, agreeing that if she would marry him he would deed her certain property which he owned, without describing it. In pursuance of this agreement the deed in question was afterward, on the fifteenth of September, 1891, and before the marriage, drawn, signed, sealed, and acknowledged by the said L. R. Read, but was not delivered to the said Helen until a few days after their marriage, on the twenty-eighth of October, and after their return to Webb City on the last day of that, or the first day of the next, month. When it was delivered to the said Helen she put it in a box in the cupboard, where it remained in her possession until filed for record on the twenty-sixth of February, 1892, before plaintiff's judgment was obtained. The lots in question seem to be the residence property of the defendants.

There is nothing in the evidence to show that Mrs. Read did not act in entire good faith throughout this whole transaction, and the trial court could not have found, so far as she was concerned, that the deed was made to hinder, delay, or defraud creditors of the said

L. R. Read, as charged in the petition. So that if plaintiff's action can be maintained at all it is only on the ground that the deed was voluntary and without consideration.

Upon the evidence in the case there can be no doubt that the chancellor was well warranted in finding that the consideration of the deed was the marriage which was agreed upon before the deed was drawn; and which was consummated after it was duly signed, sealed, and acknowledged. It needs no citation of authorities to show that marriage is not only a good, but a valuable, consideration. How, then, can it be said that this deed is voluntary and without consideration? How can the fact that the deed was not delivered until after the marriage impair the value of the consideration, which *the wife* gave for the land? It is true that until the deed was delivered the title to the land did not pass to her, and she did not until then receive the consideration which *she* was to receive for the marriage. But the moment the marriage was consummated *the husband* received the full consideration for the deed. *The wife* became a purchaser for value and having paid the whole of the purchase price was immediately entitled to the deed, and it became the legal duty of the husband to deliver it, a duty that a court of equity would have compelled him to perform, the case being relieved from the operation of the statute of fraud by the fact that the contract was entirely executed on the part of *the wife;* the whole of the consideration paid, by the marriage, and the deed itself signed by the husband in the most solemn form, sufficiently evidencing the contract to convey in writing.

The delivery of the deed, therefore, by the husband after the marriage in discharge of his legal duty, can in no legal sense be called voluntary, and having been

executed for a valuable consideration paid by Mrs. Read, and accepted by her in good faith, and spread upon the public land records before the plaintiff's judgment was obtained, it acquired no title by the sale made, and the deed executed in pursuance of such judgment, and can not maintain this action. The judgment of the circuit court is affirmed. All concur except ROBINSON, J., not sitting.