THE CITY OF ST. LOUIS, *Appellant*, v. WEBER *et al.*

### Division Two, July 6, 1897.

1. **Failure to File Exceptions to Commissioners' Report Within Ten Days**: WAIVER. A proceeding to condemn defendant's land for the opening of a street was instituted in the circuit court by the city of St. Louis. Defendants were duly served with notice of the commencement of the proceeding. The court appointed commissioners to assess the damages and benefits and in due time they filed their report. Defendants did not have notice of the filing of the commissioners' report. After the ten days allowed by the charter of St. Louis but during the same term of court they filed their exceptions to the aforesaid report. The city appeared to contest the exceptions without raising the objection that they were filed after the expiration of the ten days. After the exceptions were sustained the city raised the objection by motion. *Held,* that the circuit court of St. Louis having been empowered to hear and determine condemnation proceedings, it did not lose its jurisdiction after the expiration of the ten days and did not err in allowing said exceptions to be filed, good cause being shown for the delay. *Held,* further, that the city by appearing to contest the exceptions could and did waive the irregularity as to their being filed out of time and it was too late to object after an adverse ruling.

2. **Dismissal of Condemnation Proceedings.** The court at the time of setting aside the commissioners' report announced its willingness to appoint another set of commissioners but the city refused to have such an order made. The court then ordered the case to be set on its trial docket for hearing and action, of which the city had notice. The city failing to appear on that date and prosecute said proceeding the court, on motion, dismissed the condemnation proceedings. *Held,* that as the city could discontinue the proceedings if it so desired and having refused to proceed, it was not error for the circuit court to dismiss the condemnation proceeding for failure to appear and prosecute same.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*W. C. Marshall* for appellant.

(1) "Where the statute requires that objections to the report of viewers or commissioners shall be made within a designated time, or in a prescribed mode, the failure to make the objections in the time designated, or in the mode indicated, will preclude the party from availing himself of any objections, except such as go to the jurisdiction." Elliot on Roads and Streets, 267; *Bryant v. Railroad*, 61 Me. 300; *Matter of Clear Lake Water Co.*, 48 Cal. 586; *Thayer v. Burger*, 100 Ind. 262; *Munson v. Blake*, 101 Ind. 78; *Morgan Civil Township v. Hunt*, 104 Ind. 590; *Mayor of New York*, 16 Johns. 231; *State ex rel. v. Smith*, 104 Mo. 419; *Hope v. Blair*, 105 Mo. 85; *State ex rel. v. Withrow*, 108 Mo. 1. (2) Objections which go to the jurisdiction may be made in condemnation proceedings at any time, and are not waived by not being urged in the first instance. *Hughes v. Sellers*, 34 Ind. 337; *Wilkinson v. Mayo*, 3 Hen. & Munf. 565; *State v. Bulling*, 100 Mo. 87. (3) Objections to the jurisdiction of the court over the subject-matter are not waived by appearance in a court, or by participating in a trial. Such objections can not be waived, and jurisdiction can not be conferred by even the express consent of the parties. *Giesing v. Schowengerdt*, 24 Mo. App. 554; *Moore v. Railroad*, 51 Mo. App. 504; *Collier v. Wilson*, 56 Mo. App. 420. (4) Exceptions to the report of commissioners in condemnation cases must be filed within ten days after the filing of such report, and are in this respect like motions for new trial, which must be filed within four days after the trial. The courts have strictly enforced the statutory provisions in reference to the filing of motions for new trial. *State v. Arnold*, 54 Mo. App. 660; *Moran v. January*, 52 Mo. 523; *Carter v. Prior*, 78 Mo. 222; *State v. Young*,

119 Mo. 495.   (5)   The circuit court erred in refusing
to allow plaintiff an appeal to the Supreme Court from
its order sustaining defendant Weber's exceptions to
the report of the commissioners.

*Kehr & Tittmann* for respondent Weber.

(1)   Appellant not having filed a motion for new
trial in respect to the judgment appealed from, there is
nothing for this court to review.   *St. Louis v. Boyce,*
130 Mo. 572; R. S. 1889, sec. 2302; *Bank v. Allen,* 68
Mo. 474.   (2)   The proceeding for the condemnation
of land is a judicial one.   Its object is to divest the
title to real estate out of the owner and vest it in the
complainant for public use, and to adjudge to the
owner the sum found to be the value of the property
taken.   *Plum v. City of Kansas,* 101 Mo. 525; *Thompson
v. Railroad,* 110 Mo. 147.   The circuit court has power
to hear and determine proceedings for the condemna-
tion of private property to public use.   Hence it had
jurisdiction of the subject-matter of this proceeding.
*Rosenheim v. Hartsock,* 90 Mo. 365; *Hope v. Blair,* 105
Mo. 85; *State ex rel. v. Neville,* 110 Mo. 345; *Burke v.
City of Kansas,* 118 Mo. 309.   (3)   The report of the
commissioners is in nowise conclusive upon the court.
The time within which exceptions to the report might
be filed is not a question of jurisdiction, but a statutory
regulation of the mode of procedure.   *Bridge Co. v.
Schaubacker,* 49 Mo. 555; *Bridge Co. v. Ring,* 58 Mo.
491; *Railroad v. Almeroth,* 62 Mo. 343; *U. S. v. Reed,*
56 Mo. 565.   (4)   The circuit court is a court of
general jurisdiction proceeding according to the course
of the common law.   Until the end of the judgment
term, all its proceeding are in the breast of the court
and its powers over them are plenary.   *Williams v.
Circuit Court,* 5 Mo. 248; *Caldwell v. Lockridge,* 9 Mo.

363; *Randolph v. Sloan*, 58 Mo. 155; *Rottmann v. Schmucker*, 94 Mo. 139; *Smith v. Perkins*, 124 Mo. 50; *Aull v. Day*, 133 Mo. 337. (5) No notice of the filing of the commissioners' report having been given, respondent had the right to file his exceptions at any time. R. S. 1889, sec. 2738, p. 697; *Swan v. Railroad*, 38 Mo. App. 588; Charter of St. Louis, art. 6.

GANTT, P. J.—This is a proceeding by the city of St. Louis under its charter to establish and open New-house avenue from its present terminus west of Twentieth street westwardly to Florissant avenue. The petition was filed on the nineteenth of November, 1892, and is in the usual form. The defendants were duly served with notice of the commencement of this proceeding. The circuit court on June 5, 1893, appointed commissioners to assess the damages and benefits. July 20, 1893, these commissioners filed their report, with a plat attached, assessing damages and benefits. No notice of the filing of this report was served upon Joseph Weber through whose land said proposed extension was laid out and a part of which was condemned for said avenue and damages assessed therefor and the remaining portion charged with benefits in an equal sum. The charter does not in terms require any notice of the filing of the report. It simply provides that it may be reviewed on exceptions filed within ten days after the filing. Weber, learning of the report for the first time on August 23, 1893, filed his exceptions in writing on August 24, 1893, at and during the same term of court at which the report had been filed and before any action had been taken thereon. After the exceptions were filed, the city obtained extensions of time to report to the municipal assembly and on February 5, 1894, filed the approval of the assembly. On June 6, 1894, a

trial was had upon respondent's exceptions, the city appearing and contesting them. The following is the record entry made at the time:

"Now at this day this cause coming on for hearing on the exceptions filed by the defendant, Joseph Weber, to the commissioners' report herein, comes the plaintiff and the defendant, Joseph Weber, by their respective attorneys and submit the same to the court upon the evidence adduced, the report of the commissioners herein, and the said exceptions filed thereto, and the court having heard and duly considered the same doth order that said exceptions to the commissioners' report be sustained, and that said report be and the same is hereby set aside, vacated and for naught held."

On the eighth day of June, 1894, the plaintiff filed its motion to set aside the above order. In its motion plaintiff *for the first time*, suggested to the court *that the exceptions were filed out of time*. The motion was overruled. The subsequent proceedings are thus recited in the bill of exceptions:

"On the 21st day of July, 1894, and at the June term, 1894, of said court, the plaintiff filed a bill of exceptions herein and also filed an affidavit and bond and prayed an appeal from the decision of this court to the Supreme Court. The circuit court denied said appeal, and at the time of sustaining exceptions to said commissioners' report, and again at the time of denying said appeal, the court *announced its readiness to order a new appraisement and to appoint commissioners for that purpose*, but the plaintiff, by its counsel, stated to the court that it did not wish any such order made in the case and declined to have commissioners appointed. Plaintiff having from time of filing its bill of exceptions on the 21st day of July, 1894, taken no further steps in the case, the court on motion of defendant in March, 1895, ordered the case to be set on its trial

docket of the April term, 1895, for hearing and action and the cause was set for hearing or other disposition on said trial docket for Monday, April 15, 1895, of which setting the plaintiff had due notice. On said day said cause was duly called for hearing in its order on the docket. The defendant Weber appeared, but plaintiff failed to appear and failed to prosecute said cause or proceeding, whereupon the court, of its own motion, dismissed the cause for want of prosecution. Thereafter, on the 4th day of May, 1895, plaintiff filed its motion to set aside the order made on the 6th day of June, 1894, sustaining the exceptions to the commissioners' report, and to set aside the order as entered on the 15th day of April, 1895, dismissing this cause for want of prosecution,'' for the reasons that, ''*First,* the court had no power to dismiss the cause for want of prosecution, but under section 7 of article 6 of the city charter, the court only had power to order a new appraisement to be made. *Second,* the court had no power to entertain or sustain the exceptions of Joseph Weber, for the reason that the report of the commissioners was filed on the 20th of July, 1893, and the exceptions were not filed until August 24, 1893, and under section 7 of article 6 of the city charter, the court had no power to review the report of the commissioners, unless written exceptions were filed within ten (10) days after the filing of the report, and in this in stance the exceptions were not filed until 35 days after the report was filed.''

I. Practically the whole contention of the city is that because Mr. Weber, whose property was condemned for this extension of Newhouse avenue, did not file his exceptions to the report of the commissioners within ten days after the filing of the report that the circuit court of St. Louis had no power to permit such exceptions to be filed at a later time, and that not-

withstanding the city appeared to those exceptions without objecting that they were filed out of due time and the court heard the same upon the evidence submitted and sustained said exceptions, its action in the premises was void.    The learned city counselor assumes for the basis of his argument that because the charter provides that these reports of commissioners may be reviewed on exceptions filed in ten days that thereby the jurisdiction of the circuit court is limited to the exceptions filed in ten days.    That in hearing these exceptions filed after that time it exceeded its jurisdiction. That it had no jurisdiction of the subject-matter, after the lapse of ten days.    We can not and do not assent to such a view of this charter provision.    The jurisdiction of the circuit court of St. Louis is conferred by law and among other things it is empowered to hear and determine condemnation cases.    Its jurisdiction over the subject-matter of a particular case attaches upon filing of the petition in the clerk's office of said court, and ends with the final adjournment of the term at which final judgment is rendered.    The matter of filing and hearing exceptions is regulated by the statute or charter, in this instance, and the court may err but in so doing it does not lose jurisdiction to proceed to a final judgment.    We have no doubt whatever of the power of the court to permit these exceptions for good cause shown, to be filed after ten days.    The point has been substantially so ruled in prior decisions of this court.

In *United States v. Reed*, 56 Mo. 565, the land owner in a condemnation proceeding neglected to file exceptions in ten days after the report was filed but at a later date filed exceptions by leave of the court.    No doubt whatever was intimated of any lack of power in the court to permit the filing of the exceptions after the ten days.

In *McPike v. McPike*, 111 Mo. 216, exceptions to a referee's report were required to be filed within four days in term but the parties stipulated to file their exceptions and counter exceptions on a day certain.

One of the parties filed his exceptions a day later and this court sustained the circuit court in its discretion in so doing. While this court has often ruled that a motion for new trial must be filed within four days to obtain a review of the errors assigned on a trial yet it has been also ruled that the trial court may in its discretion to prevent injustice grant a new trial after the lapse of the four days even if no motion be filed, and this court will not review its action in so doing. So that while the circuit court might have overruled these exceptions in this case because not filed in ten days, its failure to do so is not error. It was perfectly competent for it to permit the exceptions to be filed when it ascertained the landowner had not received notice of the report within the ten days, and when the city without objection appeared to those exceptions and the court heard them, it was too late to object after an adverse ruling against the city, to make the objection for the first time that the exceptions had not been filed in time. Being a mere matter of procedure the city could waive the filing within the ten days and by subsequently consenting to a hearing of the exceptions upon the evidence we hold it did waive the question of time.

II. The only other question is, did the court err under all the facts above stated in dismissing the case? The city counselor, in his bill of exceptions, candidly states that when the court sustained the exceptions it announced its readiness to appoint a new set of commissioners, but the city counselor refused to have such an order made. Now while this was the regular course, was the court in error when it failed to appoint the new commissioners under those circumstances? We hold

it was not. The city could discontinue the proceeding if it desired to do so and by its unqualified refusal to proceed, it left the court nothing to do but to dismiss the proceeding. We think there is no error in the record and the judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.

140  523
144  558

140  523
 80a 214
d80a 225

140  523
152  447

140  523
153  200

140  523
d160  86

140  523
163   52