MARY E. JONES, et vir., Respondent, v. THE KANSAS CITY & NORTHERN CONNECTING RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, December 3, 1900.**

1. **Married Women: REAL ESTATE: ACTION.** Under sections 4340 and 4339, Revised Statutes 1899, the real estate of a married woman, together with all rights in action in relation thereto is her sole and separate property and under her sole control and she may sue and be sued in her own name or jointly with her husband.

2. **Pleading: INSUFFICIENT PETITION: JUDGMENT: HUSBAND AND WIFE: APPELLATE PRACTICE.** A petition against a railroad company for failure to construct crossings with gates where the road passes through plaintiff's land alleged that the wife had for a long time been the owner and in possession of the land, and the judgment was in favor of the husband. Held, the petition failed in a material manner to state facts sufficient to constitute a cause of action in favor of the husband, and the appellate court should reverse the judgment even in the absence of a motion for a new trial or in arrest.

Appeal from the Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED.

*H. T. Herndon* and *J. G. Trimble* for appellant.

(1) The petition states no cause of action in favor of Christopher C. Jones. He was neither owner nor possessor

of the land. The allegations are that the ownership, as well as the peaceful possession, was in Mary E. Jones, his wife. The only presumption that can be drawn from this is that it was her sole and separate estate, over which he had no control. The court will reverse a judgment where the petition does not state a cause of action even without motions for new trial and in arrest of judgment. Railroad v. Mahoney, 42 Mo. 467; Bagby v. Emberson, 79 Mo. 139; McIntire v. McIntire, 80 Mo. 470; State ex rel. v. Scott, 104 Mo. 26; Land Co. v. Bretz, 125 Mo. 418; Childs v. Railroad, 117 Mo. 414.

*Lester B. Hooper* and *F. B. Ellis* for respondent.

(1) The only reasons complained of by appellant now is that the petition does not state a cause of action. These reasons are entirely without merit. The petition does state a cause of action, besides the defects on the petition, such as are not cured by verdict, must be taken advantage of by a motion in arrest. Nothing but the record proper can be noticed on this appeal. R. S. 1899, sec. 866; Mumma v. Staudte, 24 Mo. App. 473; Wilkerson v. Bruce, 37 Mo. App. 156. (2) The error complained of by appellant is cured by verdict, as has been frequently held by the courts. The defendant is not entitled to ruling on his demurrer unless he filed a motion in arrest within four days after the rendition of the judgment. This they failed to do. It can not be noticed at this time. Kurz v. Turley, 54 Mo. App. 237. (3) Besides, the petition does state a cause of action in this case. It states that C. C. Jones, whom the judgment is in favor of, was the husband of Mary E. Jones. Mary E. Jones was not entitled to the crops on the land. Arnold v. Willis, 128 Mo. 145; Hughes v. McDivit, 102 Mo. 77. (4) The most that can be said about the petition is that it states

a cause of action imperfectly. If it does then it is cured by verdict. Carrington v. Hancock, 23 Mo. App. 299; Coal Co. v. Brewing Co., 20 Mo. App. 16; Bowie v. Kansas City, 51 Mo. 461.

GILL, J.—This is an action based on section 1105 of our last Revised Statutes (section 2611, Revised Statutes 1889), in which it is sought to recover damages for defendant's failure to construct a crossing with gates therein where defendant's road passed through the land of Mrs. Jones, thereby depriving her of the free use of some pasture land, cut off by said railroad from the other portion of said farm. While the suit was pending, the petition was amended by inserting the name of C. C. Jones, the husband, as party plaintiff. To this amended petition defendant filed a demurrer. When the cause was called for trial, the court, in the absence of defendant's counsel, overruled the demurrer and at once proceeded to hear the case, treating the defendant as in default. The court sitting as a jury found for plaintiff C. C. Jones, the husband, and entered a judgment in his favor for $164.

Subsequently, but more than four days after the rendition of the judgment, the defendant filed motions for new trial and in arrest. These were in due time overruled and defendant has appealed to this court.

I. The sole question is, whether or not such error appears on the face of the record proper as to demand a reversal. Since the defendant failed to file its motions for new trial and in arrest in due season, they are no part of the record and are not to be considered. The defendant, however, makes the point that a fatal error appears on the face of the record proper, and we are of the same opinion. The petition fails to state a cause of action in favor of Christo-

pher C. Jones, for whom alone the judgment was rendered. In said amended petition, on which the judgment was entered it is in substance stated that they, said Christopher C. Jones and Mary E. Jones, are husband and wife, etc.   *   *; that Mary E. Jones, one of the above named plaintiffs, is and has been for a long time the owner and in the peaceful possession of the following described real estate (describing it); that in the year 1897 the Kansas City and Northern Connecting Railroad crossed and constructed its railroad upon said land, thereby cutting off a certain pasture of 41 acres, and that defendant failed and refused to construct a gate or crossing so as to allow said owner the convenient use of said pasture, etc.

These and other allegations in the petition make a case for Mary E. Jones, but not for her husband Christopher C. Jones. According to the allegations of the petition the latter had neither title nor possession—the entire property and possession being vested in Mary E. Jones, his wife. By virtue of the statute relating to the rights of married women (sections 4340 and 4339, Revised Statutes, 1899), this real estate of Mary E. Jones, together with all rights in action in relation thereto, is her sole and separate property and under her sole control. And in relation thereto she may sue and be sued in her own name or jointly with her husband. Sec. 4335, R. S. 1899; Arnold v. Willis, 128 Mo. 145.

Although C. C. Jones, the husband, might join his wife, Mary E. Jones, in the prosecution of a suit to recover her property rights, the judgment therefor should yet be in her favor. In this case, however, the court "finds that this is an action for damages and that the plaintiff Christopher C. Jones has been damaged by the wrongful and negligent acts of defendant in the sum of $164 and orders judgment therefor. It is therefore ordered and adjudged by the court that

the plaintiff, Christopher C. Jones recover of the defendant the said sum," etc.

It thus appears that the court rendered a judgment not warranted by the petition—in other words, the petition failed in a material manner to allege facts sufficient to constitute a cause of action in favor of the party for whom judgment was entered. This, too, is one of those errors appearing on the face of the record proper, and so material and fatal in its character, that the appellate court should review it even in the absence of a motion for new trial or in arrest. Weil v. Greene County, 69 Mo. 281; Bagby v. Emberson, 79 Mo. 139; McIntire v. McIntire, 80 Mo. 470; Childs v. Railway, 117 Mo. 414; Land Co. v. Bretz, 125 Mo. 418.

It follows then that the judgment of the circuit court must be reversed and cause remanded. All concur.