CAPE GIRARDEAU & CHESTER RAILROAD COMPANY, Appellant, v. WINGERTER, Respondent.

St. Louis Court of Appeals, April 16, 1907.

1. **APPELLATE PRACTICE: Errors in Record Proper: Motion for New Trial.** The ruling of the trial court sustaining a demurrer is part of the record proper and may be reviewed by the appellate court though no motion for new trial or in arrest of judgment was filed in the circuit court.

2. **STATUTE OF FRAUDS: Pleading: Presumption.** Where a petition declares upon a contract without disclosing whether it is in writing, if it is a contract which is required by the Statute of Frauds to be in writing, the law will presume it was written.

3. ———: **Performance.** A contract which the Statute of Frauds requires to be in writing, when wholly performed on one side. is taken out of the operation of the Statute and binding upon the parties. Where a railroad company made a parol contract with the owner of land that in consideration of the conveyance of a strip of ground one hundred feet wide by the owner of the land to the railroad company, the latter would locate and build a railroad along the same and perform other conditions, and where the railroad company took possession of the land and performed all of the conditions, the contract was taken out of the operation of the Statute of Frauds and was binding upon the owner of the land.

4. ———: **Contracts Concerning Land: Description.** A contract whereby the owner of land agreed to convey to a railroad company for a right of way a strip of land described as being 100 feet wide to be thereafter located through the owner's land, the description was sufficiently definite to make the contract binding.

5. **CONTRACTS: Breach of Contract to Convey: Measure of Damages.** Where the owner of land agreed to convey to a railroad company a strip of land through his premises for the purpose of a right of way for a railroad to be built thereon, in consideration of the performance of certain conditions by the railroad company, but refused to carry out his contract, in an action by the railroad company against the land owner for damages on account of failure to comply with the contract the expenses incurred by the railroad company in condemning the land for a right of way, was not a proper element of damage; the measure of damages would be the value of the land which the defendant promised to convey at the time the railroad had completed the performance of its contract.

6. ———: ———: **Estoppel.** In an action by a railroad company against the owner of land for a breach of a contract to convey a right of way through the owner's premises, an allegation in the petition that the plaintiff was obliged to condemn the land because the parties failed to agree on a proper compensation, did not estop the railroad company from showing by the contract sued upon, that there was an agreement as to the compensation for the land to be conveyed; the failure to agree on the value of the easement acquired by condemnation did not necessarily involve a failure to agree on the value of the fee as contemplated in the contract.

7. ———: ———: ———.. **(Bland, P. J., dissenting.)** The allegation in the petition that the parties failed to agree on the

compensation and therefore the property was condemned, estops the railroad company from showing that there was an agreement upon which the action was brought.

Appeal from Perry Circuit Court.—*Hon. Charles A. Killian,* Judge.

REVERSED AND REMANDED.

*Giboney Houck, F. B. Whitledge* and *Sam Bond* for appellant.

*Edward Robb* for respondent.

NORTONI, J.—A demurrer having been sustained to the plaintiff's petition, it appeals from the judgment. The plaintiff, a Missouri railroad corporation, was engaged in acquiring a right of way and building its railroad from the city of Cape Girardeau to Perryville. It is unnecessary to set out the petition in full. In the interest of brevity, only the material facts will be noticed. After proper formal averments and a recital of the facts stated, it in substance avers that it surveyed, located and marked out its lines across defendant's farm on the east side of his residence and attempted to effect an agreement with him as to the amount of compensation he should receive for its right of way so located. No agreement was reached between the parties, however. The defendant objecting to the location of the road on the east side of his residence, proposed to the plaintiff that if it would locate and build its road on the west side of his said residence, and pay to him the sum of one dollar in cash, defendant "would grant, bargain, sell relinquish and convey to Cape Girardeau & Chester Railroad Company the right of way for a railroad to be built by it from Cape Girardeau to Chester, one hundred (100) feet wide, the center line thereof to be the center line of the roadbed of said railway as the same may be finally loca-

ted, with right to increase width for slopes, embankments
and turnouts, and with the right of changing water-
courses, and with the right of felling any trees standing
outside of the said one hundred (100) feet, which might
injure said railway or its trains, and a right of taking
a supply of water and of barrowing and wasting earth
and stone for the purpose of constructing or operating a
railroad as aforesaid, over, through, and upon the tract
of land belonging to him in the county of Perry in the
State of Missouri." The lands proposed by the defend-
ant for the location on the west side of his residence hav-
ing been examined and found practicable and defend-
ant's said proposition having been considered, the plain-
tiff accepted the same in full, paid to the defendant the
one dollar cash in hand mentioned, resurveyed and
marked out its route, and located and built its said rail-
road across defendant's lands on the west side of his
residence in accordance with his request and proposal,
and in all things fully performed the conditions of said
contract on its part. A breach of the contract is averred
on the part of the defendant in that the defendant has
wholly failed and refused to perform any of the condi-
tions thereof on his part, as a result of which said breach
the plaintiff has been compelled "to pay out large sums
of money for the right of way, to-wit, $611;" and that
the plaintiff was compelled to bring suit to condemn
the right of way above described and in which condem-
nation suit, coming on for hearing before commission-
ers, the said defendant was awarded $410, and costs were
taxed against plaintiffs; that its total damage on ac-
count of the defendant's said breach of the contract is
$3,000, for which it asks judgment.

The court adjudged the facts stated, if true, con-
stitute no cause of action.

1.   It appears that no motion for a new trial or
in arrest of judgment was filed in the circuit court.
Counsel for defendant therefore suggests that plaintiff

waived his rights in respect to having a ruling of the court on the demurrer reviewed here. This assignment must be, ruled against the defendant for the reason the demurrer and the action of the court thereon is a matter of record as distinguished from matter of exception. [State v. Finn, 19 Mo. App. 560; Speer v. Brown, 79 Mo. 467; Hannah v. Hannah, 109 Mo. 236-240, 19 S. W. 87.] It is well settled that when error appears on the face of the record proper, the judgment will be reversed therefor. [State to use Tapley v. Matson, 38 Mo. 489; Bateson v. Clark, 37 Mo. 31; Finkelberg, Appellate Practice (2 Ed.), 83.] And under such circumstances, the same will be reviewed even though no motion for a new trial or in arrest of judgment was filed. [Ancell v. Cape Girardeau, 48 Mo. 80; Bagby v. Emberson, 79 Mo. 139; State ex rel. Pemiscot Co. v. Scott, 104 Mo. 26, 15 S. W. 987, 17 S. W. 11; Orchard v. Ex. Nat. Bank, 121 Mo. App. 338, 98 S. W. 825.]

2. The counsel for the defendant next suggests that it is apparent from the face of the petition the contract declared upon is one falling within the operation of the Statute of Frauds for the reason that it pertains to the sale of lands and is not averred to be in writing and is therefore unenforceable, and for this reason the demurrer was properly sustained. This assignment must likewise be ruled against the defendant. We have carefully examined the petition and it does not affirmatively appear therefrom the contract was in parol or was not in writing. It is the established law that when one declares upon a contract without disclosing whether it is in writing and therefore valid under the operation of the statute, or oral, and therefore invalid thereunder, the law will presume in favor of the pleader until the contrary is made to appear, that the contract declared upon is in writing and therefore valid. [Sharkey v. McDermott, 91 Mo. 647, 4 S. W. 107; Brown on Statute of Frauds (5 Ed.), sec. 505.]

3.  We would be justified in resting the judgment of
the court upon the proposition above stated to the effect
that the petition is sufficient on demurrer as against the
statute for the contract was not in writing, but from
the disclosures of the briefs of counsel, it is apparent
that the contract is not in writing, and inasmuch as the
case must be remanded, the sufficiency of the contract
declared upon will then come directly before the court
for judgment of the law as to its sufficiency.  We will
therefore examine the same and give an opinion with
respect to the matter as it appears from the facts dis-
closed in the petition.  Now it is quite certain that the
contract, being parol, and one whereby the defendant
agreed, as alleged, to "bargain, sell and convey" certain
lands to the plaintiff, it was for the sale of the lands
and falls directly within the inhibition of our Statute
of Frauds and Perjuries (R. S. 1899, sec. 4818), and is
therefore unenforceable in law, except under circumstan-
ces hereafter referred to, and being thus invalid and un-
enforceable, is insufficient to support an action for its
breach, unless it is rendered valid or removed from the
operation of the statute by the facts alleged with respect
to its performance on the part of the plaintiff, for, not-
withstanding such contracts are valid, in the absence of
the sufficient memorandum in writing mentioned in the
statute, it has been the settled law with us from a very
early period in the history of the State, that when such
contract is fully executed by one of the parties thereto,
when it has been fully and completely performed on
one side and the other party has had the benefit of such
performance, it is thereby removed from the operation
of the statute entirely and recovery may be had on the
contract in an action at law, as at common law prior
to the adoption of the statute, and the meritorious party
who has thus performed, is not compelled to sue in equity
for specific performance, nor is he required to abandon
the contract and sue upon a *quantum meruit.*  [Blanton

v. Knox, 3 Mo. 342; Farrar v. Patton, 20 Mo. 81; Suggett's Admr. v. Cason's Admr., 26 Mo. 221; Self v. Cordell, 45 Mo. 345; Tatum v. Brooker, 51 Mo. 148; Winters v. Cherry, 78 Mo. 344; Johnson v. Reading, 36 Mo. App. 307-315; affirmed in the same case, Nally v. Reading, 107 Mo. 350, 17 S. W. 978; Mark v. Davis, 72 Mo. App. 557-563; Smock v. Smock, 37 Mo. App. 56; Bless v. Jenkins, 129 Mo. 657, 31 S. W. 938; Chenoweth v. Pacific Express Co., 93 Mo. App. 185; 29 Am. and Eng. Ency. Law. (2 Ed.), 582.] This doctrine applies alike to contracts falling within the operation of each and all of the various sections of the statute. [Reading v. Johnson and Marks v. Davis, supra.] That it is frequently applied to contracts respecting lands and otherwise within the statute. [See Tatum v. Brooker, Johnson v. Reading, Nally v. Reading and Bless v. Jenkins, supra; Hoyle v. Bush, 14 Mo. App. 408; Rich v. Donovan, 81 Mo. App. 184; McConnell v. Brayner, 63 Mo. 461; Bank v. Reed, 131 Mo. 553, 33 S. W. 176.] Now, under this long-established rule, the facts disclosed in the petition are sufficient to and do remove the contract, even though it be in parol, from the operation of such statute and render it a valid undertaking, enforceable at law against defendant in an action for its breach, for it appears from the petition that the plaintiff entered upon the lands thereunder, took possession and constructed its railroad as required by the defendant and did and performed any and all of the conditions on its part imposed by the defendant's contract. The plaintiff having entered into possession of the lands thereunder, and fully performed the contract on its part, the matter is removed from the operation of the statute, and an obligation thereby imposed upon the defendant to perform on his part or respond for its breach.

4.   It is suggested that the description of the lands

in such contract mentioned is not sufficiently definite. We are not impressed with this assignment. It was adjudged in Cowell v. Springfield, etc., Ry. Co., 81 Ill. 232, that a bond or agreement to convey a right of way to be afterwards selected is undoubtedly good and may be enforced. [See also 2 Lewis on Eminent Domain, (2 Ed.), sec. 290.] And a deed of right of way for a certain number of feet on each side of a certain line of railroad as it should be finally located through a described tract of land, has been declared to be sufficiently specific to be binding upon a subsequent grantee of the grantor therein having notice of the deed (Burrow v. Railway, 107 Ind. 432), and specific performance of an agreement to convey may be had though the subject-matter of the agreement is a right of way to be afterwards located. [Ross v. Railway, 77 Ill. 127.] Many other like descriptions in such contracts are referred to and declared sufficient in the numerous cases cited in the footnotes, 2 Lewis on Eminent Domain (2 Ed.), secs. 290-296, which said sections are elucidating on the subject. Under these authorities, that contract here involved is certainly not invalid for the reason of its being indefinite.

5.  Plaintiff alleged that it contracted expenses, etc., in surveying and relocating the railroad on the west side of the house and expended $611 for right of way on account of the changed route. These facts constitute no elements of recovery against defendant, for such was incumbent upon the plaintiff in the performance on its part of the contract. Before it was entitled to a conveyance of the lands, it was the duty of the plaintiff to do and perform all these items and certainly no recovery can be had therefor in this suit on the breach for expenditures made in that behalf, for such expenditures constitute elements of performance on its part, and it is not suing on *quantum meruit* therefor. It is further al-

leged that the plaintiff, at great cost, was compelled to institute suit and condemn the lands mentioned; that in such suit the defendant was awarded $410 and costs, etc. Now this condemnation proceeding and the resulting award and expenditures therein and thereabout, are in no sense elements of recovery in this case. This is a suit for a breach of contract and the damages recoverable therefore are only such as may fairly and reasonably be considered either arising naturally; that is, according to the usual course of things, from such breach or such as may reasonably be supposed to have been in contemplation of both parties at the time they made the contract as a probable result of its breach. [Hadley v. Baxendale, 9 Exch. 353; 1 Sutherland on Damages (3 Ed.), sec. 50.] Certainly the award of damages and expenditures of costs in the condemnation proceeding instituted by the plaintiff on its own initiative and thus self-imposed, neither flows naturally as a result of the breach nor is it reasonable to say that voluntary action on the part of the plaintiff and the resulting award and costs therein were within contemplation of the parties at the time of making the contract as a probable result of its breach. The fundamental notion on which the law of damages rests is compensation for the wrong complained of. [1 Sutherland on Damages (3 Ed.), sec. 12.] Under the contract declared upon, the plaintiff was entitled to an absolute conveyance with covenants of seizin, etc., of the lands and other rights mentioned, as appears by reference to the language of the contract, "grant, bargain and sell" (R. S. 1899, sec. 907), and by the defendant's breach, it has been deprived thereof. Upon the principle of compensation for the wrong, referred to, its measure of recovery would be the value, at the date of the completed performance by it, of the land and other rights described in the contract to be ascertained by competent evidence (Railway v. Wray, 52 Ind. 578) without regard to the condemnation pro-

ceeding which was in no manner entailed as a result of the breach nor in contemplation of the parties as a probable result thereof, when the contract was entered into. There is a general allegation of damages resulting from the breach, sufficient to support a judgment therefor under the rule of recovery stated and the petition is therefore sufficient.

Judge BLAND is of the opinion and desires to be quoted to the effect that "inasmuch as the petition shows this plaintiff instituted a condemnation suit against the defendant and proceeded to acquire a right to occupy the lands with its railroad thereunder, in which proceeding the plaintiff was bound to allege and, if the allegation was put at issue, show upon the hearing, that it and defendant had failed to agree 'on proper compensation' (R. S. 1899, sec. 1264; Ellis v. Railway, 51 Mo. 200; United States of America v. Reed, 56 Mo. 565; Railroad v. Campbell, etc., 62 Mo. 585), it cannot be permitted to say that it and defendant did agree on proper compensation for the purpose of recovering on an alleged breach of the agreement. In the language of Lord KENYON, "A man shall not be permitted to 'blow hot and cold' with reference to the same transaction, or insist at different times on the truth of each of two conflicting allegations, according to the promptings of his private interests;" that it appears to him the plaintiff is estopped by the condemnation proceeding to allege in another suit that it and plaintiff did agree upon "proper compensation" for a right of way over defendant's lands and that the demurrer was for this reason properly sustained." Judge GOODE and I do not accept the suggestion of Judge BLAND, that because the plaintiff was required to allege and prove in the condemnation suit, mentioned in the petition, that it and the defendant had failed to agree on "proper compensation," shows plaintiff is estopped and therfore has no cause of action on the contract set forth in the petition for the reason, if

no other, the contract here sued upon was a contract for the purchase from the defendant of the fee and indefeasible title to the lands as appears by the employment of the words "grant, bargain and sell" in the contract, set forth in the petition, which words, under our statute (R. S. 1899, sec. 907), operates an assurance of an estate in fee simple, indefeasible title, etc., whereas the rights about which the parties are required to have first exhausted an effort to agree on "proper compensation" under the statute in condemnation proceedings is a mere easement as contradistinguished from the fee. It is well settled that in such proceedings the railroad acquires only an easement, the fee remaining in the landowner over whose premises the right of way has been condemned. [Kellog v. Malin, 50 Mo. 496; Railway v. Clark, 121 Mo. 196, 25 S. W. 192, 906; 3 Elliott on Railroads, sec. 972.] And therefore, even though the petition here may show by process of presumption or inference that the parties did not agree on "proper compensation" for an easement, it does not show that they failed to agree on compensation for the fee and an indefeasible title thereto. On the contrary, it affirmatively avers on a contract for the fee. Judgment reversed and cause remanded. *Bland, P. J.,* dissents; *Goode, J.,* concurs.