## Exira A. Peirce, Exrx., etc., v. Augusta Giles et al.

1. HUSBAND AND WIFE—*What Will Not Establish a Gift of Money to the Wife.*—Where a husband handed his wife a sum of money he had just brought from the bank, and either said nothing or asked her to take care of it, and she took it to their common bedroom, containing his pocketbook and hers, and put it in her own pocketbook without his knowledge, and he was in the habit of handing her his money to take care of, this does not establish a gift of the money to her.

2. SAME—*What Will Establish a Gift of a Piano to the Wife.*—Where a husband bought a piano and brought it home, and told various persons he had bought it for his wife, and had given it to his wife, and that it was his wife's piano, this is sufficient to support his wife's claim to the piano as a gift, after her husband's death.

Administration of Estates.—Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1900. Affirmed in part, reversed in part and remanded with directions. Opinion filed February 13, 1901.

SHEEN & MILLER, attorneys for plaintiff in error.

ARTHUR KEITHLEY, attorney for defendants in error.

MR JUSTICE DIBELL delivered the opinion of the court.

Defendants in error, children of Hiram H. Peirce, deceased, filed a petition in the Probate Court of Peoria County, claiming certain personal property belonged to the estate of deceased, but that the widow, Exira A. Peirce, who is the executrix of the will, had failed to inventory it as property of the estate, but claimed it as her own. The petition sought to compel her to inventory said property as assets of the estate. The Probate Court heard the cause, and entered an order, from which an appeal was taken to the Circuit Court, where, on a hearing, the executrix was ordered to inventory certain property as assets of the estate, and certain other articles were held to belong to the widow in her own right. The executrix sued out this writ or error, and only questions so much of the order as compels her to inventory the piano and $375 in money as part of the estate.

We find no errors prejudicial to plaintiff in error in the rulings of the court upon the evidence. This is, in effect, a chancery proceeding, and, it will be assumed, the trial judge only considered the competent evidence appearing in the record.

The $375 was money which the deceased. brought home from the bank in the month of November preceding his death, which occurred in February. He· counted out the money at the table and handed it to his wife. According to her testimony (objection to the competency of which was waived), he handed it to her without any remarks. According to other proof, he told her to take care of it. She went into their common bedroom and put it away. She was in the habit of taking care of his money. She had access to and charge of a pocketbook belonging to him which was kept in one side of a clothes-press, and she also had a pocketbook of her own, which she kept in the other side of the clothes-press. She put this money in her own pocketbook. There is no proof that he knew she had placed it there. When all the testimony is considered, we do not think it justifies the conclusion that he made a gift to her of this money when he handed it to her, either without remark or with directions to take care of it, in view of the fact that he was in the habit of handing her his money, to be taken care of.

The proof shows that the deceased frequently told various witnesses that he bought this piano for his wife, and had given it to his wife, and that it was his wife's piano. This was not disproved. The evidence of some of the children of deceased that they had never heard him say that it belonged to his wife, or that he had given it to her, does not overcome the effect of the testimony just recited. It is true the wife is not able to state any conversation in which he told her that this was her piano or that he now gave it to her, but she was within hearing when he, on one occasion, told one of his daughters that this piano belonged to his wife. All the proof considered, we are of opinion that it clearly establishes that he bought the piano expressly for his wife and gave it to her, and that it was hers.

The order of the court below is therefore reversed as to the piano, and the court below is directed to so modify the order as not to require her to inventory or account for it as executrix.   The rest of the order is affirmed.

Order affirmed in part, reversed in part, and remanded with directions.