## MRS. L. ABBOTT, Respondent, v. FIDELITY TRUST COMPANY, Appellant.

### Kansas City Court of Appeals, July 9, 1910.

DAMAGES TO PERSONAL PROPERTY: Wife May Sue Therefor. Where a wife leases a flat, and her household goods and wearing apparel are damaged by dust, dirt. and water caused by the owner of the building in the construction of an additional story to said building without the lessee's consent, she may sue in her own name and recover damages therefor, when it is shown that the said property belonged to her.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*Moore & Handy* for appellant.

(1) The court erred in giving instruction No. 1 for plaintiff. Burnes v. Bangert, 16 Mo. App. 22; McFarran v. Kinney, 22 Mo. App. 554; McClain v. Abshire, 63 Mo. App. 339. (2) The court erred in giving instruction No. 2 for plaintiff. Burnes v. Bangert, supra; McFarran v. Kinney, supra. (3) The court erred in giving instruction No. 3 for plaintiff. (4) The court erred in refusing instruction No. 1 offered by defendant. (5) The court erred in refusing to allow plaintiff to testify to ownership of property alleged to have been

damaged. Crook v. Tull, 111 Mo. 283; Ryan v. Bradbury, 89 Mo. App. 665. (6) Under the law and evidence the court erred in not instructing the jury to find for the defendant.

*Cook & Gossett* for respondent.

(1) The evidence in this case is sufficient to show a gift from the husband to the wife, no rights of creditors being involved. Gentry v. McReynolds, 12 Mo. 534; Schooler v. Schooler, 18 Mo. App. 69; Clark v. Clark, 86 Mo. 114. (2) The instructions required the jury that in allowing damages for injury to property to allow damages only for property of plaintiff. (3) The lease being to plaintiff as lessee, the property being in her premises in itself is presumptive evidence that the property was hers and in her possession and as such she could maintain suit for damages thereto. Married women now have same rights as a man. Swinney v. Gouty, 83 Mo. App. 549; Estes v. Springer, 47 Mo. App. 99; Banking House v. Brown, 52 Mo. App. 364; Rossier v. Railroad, 115 Mo. App. 515.

JOHNSON, J.—This is a suit for damages resulting from the breach by the lessor of the covenants of a lease. Plaintiff, a married woman whose family consisted of her husband and herself, entered into a written contract with defendant by the terms of which she became the lessee of a flat on the second floor of a two-story apartment house owned by defendant in Kansas City. Shortly after plaintiff and her husband began occupying the flat as their residence, defendant, without their consent, added another story to the building and, in the construction thereof, the household goods and wearing apparel of plaintiff were greatly damaged by dust and dirt and by water which found its way into the apartments from leaky places in the roof made during the course of the construction work and left

Abbott v. Trust Company.

open in storms of snow and rain. Plaintiff's husband was not a party to the lease nor did he become a party to the suit. Plaintiff prayed for both compensatory and exemplary damages.

The jury returned a verdict in her favor for compensatory damages only and the cause is before us on the appeal of defendant from a judgment rendered on the verdict. The only ground on which we are asked to reverse the judgment is that the proof, so defendant contends, discloses that her husband was the owner of the property damaged.

The petition alleged that the property belonged to plaintiff and in the direct examination of plaintiff as a witness, her counsel assumed as undisputed the existence of the fact that she owned the property. On cross-examination the fact was treated by counsel for defendant as a contested issue, and, at first the testimony of the witness was vague and unsatisfactory, but finally it was developed that plaintiff's husband had given her the money from time to time with which to purchase the household goods and her own apparel in a way to evince an intention that she should be the owner of the property. Later in the trial, plaintiff offered her husband as a witness to prove that she was the owner, but on the objection of defendant as to his competency, he was not permitted to testify.

Defendant offered no evidence bearing on the issue of ownership. In the instructions to the jury, the trial court assumed as proved the fact that plaintiff owned the property. Defendant contends that the court should have indulged the opposite conclusion—that the husband was the owner. It is argued by the defendant that "it is the universal law of the land that personal property is owned by the husband and at the present day while the wife may own personalty, and may sue and be sued as a *femme sole,* yet the burden is upon her to prove her

ownership. She may own it by virtue of a gift from her husband, or by virtue of buying it with her own separate means. Yet if the husband buys the property or furnishes the money to buy same without giving same to his wife, then he is the owner of the same." [Citing Ryan v. Bradbury, 89 Mo. App. 665; Crook v. Tull, 111 Mo. 283.]

That a husband may make a valid gift of personalty directly to his wife is a proposition not now open to controversy. [Schooler v. Schooler, 18 Mo. App. 69.] The intention of the married woman's statutes was "to remove the disabilities under which a married woman labored at common law, so as to permit her to contract and be contracted with, sue and be sued, and that the language used, being entirely without exception, is broad enough to permit her to contract with her husband, and that her contracts with him will be enforced at law, just as if she had contracted with third persons and this, we think, is the weight of judicial opinion in other States where statutes no broader than ours have been construed." [Grimes v. Reynolds, 184 Mo. 679; Rice, Stix & Co. v. Sally, 176 Mo. 107.]

We think the evidence of plaintiff shows beyond dispute that her husband intended to give her the household goods and wearing apparel and that her joint possession with him of the household goods was sufficient to satisfy the rule "that delivery of the property is essential to constitute a valid gift of personalty *inter vivos.*" [Schooler v. Schooler, supra.] This is not a contest between the wife and creditors of the husband and the only interest defendant could have in the question of the ownership of the property is to guard against the possibility of being forced to respond twice for a single wrong. We are satisfied, as was the trial court, that plaintiff is the real owner of the cause of action, but should we be mistaken about this, defendant still would be in no danger of being twice vexed for the same cause, since the husband of plaintiff, the only other

person who could claim the right to sue, appears from the record to be estopped from asserting such claim.

It follows that the court committed no prejudicial error in assuming as a matter of law that plaintiff was the owner of the property. The judgment is affirmed. All concur.