SUSAN A. AYLOR, Respondent, v. BEN C. AYLOR, Appellant.

Springfield Court of Appeals, November 14, 1914.

1. **DIVORCE: Replevin of Personal Property.** Action in replevin by wife who had been previously granted a decree of divorce and for alimony, to recover certain personal property, pending appeal of the divorce suit. Review of the evidence.

2. **HUSBAND AND WIFE: Gifts of Personal Property: What is Delivery of.** A gift of personal property from a husband to the wife, purchased by him for her, is completed when a delivery is made at the home jointly occupied by them in accordance with his intention that it be her property thereafter.

3. ————: **Divorce: Alimony: Replevin: Another Action Pending: Effect.** Plaintiff wife procured judgment in divorce awarding her certain personal property as a part of her permanent alimony. Pending appeal of the case to the Supreme Court the wife brought replevin to recover from the husband property included in that thus awarded on the ground that it was her individual property. Such action was not barred by the former judgment and pending appeal.

4. **DIVORCE: Alimony: Power of Court to Determine Wife's Ownership of Property.** In awarding alimony to the wife in a divorce proceeding the court does not adjudicate as to the wife's ownership of particular personal property and awarding it to her as alimony does not determine that independent of such decree it belongs to the husband. Such ownership may be determined by a replevin suit pending an appeal from the decree awarding alimony.

5. **EVIDENCE: Contradictory Statements: Use in Subsequent Action: Purpose.** Contradictory statements which the wife may have made in the trial of a divorce case concerning ownership of certain property, while properly considered as affecting her credibility in a subsequent action of replevin which she brings, will not prevent her from sustaining such action.

Appeal from Jasper County Circuit Court, Division No. One.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*R. M. Sheppard* for appellant.

(1) After the plaintiff in the divorce suit had requested the court to take cognizance and jurisdiction of the household effects and try and determine that this property belonged to the defendant and should be set aside as part of her alimony in gross, plaintiff should not be heard to say in an independent action, while the other suit is pending, that this identical property was her property and not the property of the defendant. Sharkey v. Kierman, 97 Mo. 102. (2) When it was made to appear to the court and to the referee that the property described in plaintiff's petition had been included and embraced within the terms and provisions of the decree in the divorce suit, under the issues in that case, the court should not have proceeded further with the trial of this suit until the determination of the divorce suit in the Supreme Court. Sharkey v. Kierman, 97 Mo. 102. (3) The plaintiff, by the decree in the divorce suit, was vested with the title to all of the property involved in the

replevin suit; the court in the divorce suit could not undertake to award plaintiff alimony out of her own property. Sharkey v. Kiernan, 97 Mo. 104; Womack v. St. Joseph, 201 Mo. 476.

*Thomas & Hackney* for respondent.

(1) If the defendant's contention that the title to plaintiff's property was involved in the divorce case and that pending the appeal of the divorce case she could not sue and recover the possession of property belonging to her is correct, then if the judgment in the divorce case should be reversed the defendant could contend that he had acquired title by this reversal to such of the plaintiff's property as he had in his possession. The claim in such case would be just as logical as the claim made by him in this case. (2) A gift from the husband to the wife is valid, although the exclusive possession be not delivered to her. Schooler v. Schooler, 18 Mo. App. 70; Abbott v. Trust Co., 149 Mo. App. 514; Strother v. McFarland, 166 Mo. App. 369.

STURGIS, J.—Plaintiff and defendant are husband and wife. · A decree of divorce and for alimony was granted plaintiff on January 4, 1913, by the Jasper county circuit court. The defendant appealed from that decree to the Supreme Court and gave a *supersedeas* bond, approved by the trial court. Pending that appeal, the plaintiff instituted the present suit in replevin. She seeks to recover from her husband a horse, piano and certain articles of clothing and sundry household effects. After the bringing of this suit and from time to time to the date of the final hearing before the referee, the defendant voluntarily returned to the plaintiff and plaintiff accepted divers and sundry articles sued for. Owing

to the number of articles in controversy, the court, by agreement of the parties, appointed Hon. Howard Gray referee. The referee heard the evidence offered and made an elaborate finding of facts and his conclusions of law, the result being that he found the plaintiff was entitled to recover the possession of part of the property, giving the description thereof and the value. The plaintiff sues for three hundred and seventy-seven different articles of the value of $5175.25. Of these, the referee found that forty-five separate articles belonged to the plaintiff, of the aggregate value of $1024.25. The report of the referee was approved by the trial court and judgment entered for plaintiff for the recovery of these forty-five articles or their value.

The defendant's answer pleads the proceedings and decree in the divorce case as a bar to this action. It is alleged and shown that in plaintiff's petition for a divorce she asked that on final hearing of the case the court adjudge, set apart and award to her such reasonable amount of money and property out of the estate of the defendant as will appear to the court to be proper and just as permanent alimony. The decree in this former suit, in addition to granting a divorce to the plaintiff, contains the following award relative to permanent alimony in favor of the plaintiff: "1st. All of the household furniture and furnishings, goods, wares, merchandise, silver and plated ware and chinaware, beds, bedding and linen, musical instruments and music, rugs, carpets and draperies, and clothing of the plaintiff including herein all of the household effects and articles used at and in connection with the home of the plaintiff and defendant at the time of the separation, excepting articles designed for the personal use of the defendant, and except also his paintings and books, bookcase, maps and charts belonging to him in the library. 2nd. As a permanent alimony and maintenance in the gross sum of $48,250 in cash,

the same to be taken and received by the plaintiff in lieu of all her rights of inchoate dower, homestead or other marital rights in and to the defendant's property.'' The said decree then adjudges to the plaintiff for her permanent. alimony and maintenance ''the possession, title and ownership of the specific personal property hereinbefore described as household effects, etc., at the home of the plaintiff and defendant at the time aforesaid, and that the defendant be, and he is hereby required to forthwith deliver the possession of said personal property to the plaintiff.''

The defendant appealed from this decree and judgment and the giving of the *supersedeas* bond had the effect of suspending the enforcement of same until its final determination by the Supreme Court. Pending this appeal, the plaintiff brought the present suit, claiming ownership in her own right and without reference to such decree of a part of the household furniture, etc., awarded to her by this decree and judgment for divorce and alimony. The plaintiff claims the ownership of these articles by reason of having purchased some of them with her own money and of others as being gifts to her by her husband during their married life. It was shown at the trial that the plaintiff had some means of her own. She testified that she had $300 loaned out, and $500 in the bank; she had an interest in a mine which had been paying royalties for some time. She also testified that her husband, before their estrangement, often gave her money, ranging from $10 to $100 at a time; that her father had given her $500 at one time, and that both her father and mother frequently gave her gifts of money, $5 or $10 at a time; that a considerable part of the property awarded her was purchased by the use of this money and that the other articles were given to her by her husband.

It is suggested that, as the evidence shows that much of the property sued for was purchased and paid

for by the defendant husband and used in their home for the common and joint use of the plaintiff and defendant, there was no such delivery to or possession of the property by the plaintiff wife as to constitute a gift of same to her. A gift, however, from the husband to the wife of personal property, purchased by him for her, is completed when a delivery is made at the home jointly occupied by them in accordance with his intention that it be her property thereafter. [Strother v. McFarland, 166 Mo. App. 364, 369, 148 S. W. 988; Abbott v. Fidelity Trust Co., 149 Mo. App. 511, 514, 130 S. W. 1120; Schooler v. Schooler, 18 Mo. App. 69; Peirce v. Giles, 93 Ill. App. 524.]

Defendant's serious contention is, however, that, having litigated their rights to the property in question in the suit for divorce and alimony and the court having awarded this property to the plaintiff and such judgment on appeal therefrom being now pending in the Supreme Court, that suit and judgment is a bar to the present one. As we understand defendant, he does not claim that the alimony judgment is *res judicata* of the present controversy or that the final judgment of the Supreme Court, yet to be rendered therein, will be *res judicata* as to the ownership of this property between these parties. Defendant's contention, as we understand it, is that, as this other suit is yet pending in which the ownership of this property is being litigated, this court should reverse and remand this cause to await the final decision in that case. Defendant conceded at the argument that in case the Supreme Court reversed this alimony decree, any of this property which really belonged to plaintiff, that purchased with money given her by her father for instance, would not thereby become the property of the defendant. It would be strange indeed, if, in a suit for divorce and alimony by the wife, the court, in awarding her alimony, should include therein property already hers and, by reason

of such award being later set aside and for naught held on an appeal, her property be thereby vested in the husband. Of course, if such judgment for alimony should be affirmed, such property would be hers by force of such decree whether it be his or hers prior to the decree, for such is the very purpose of that decree. If already hers, its status is not changed and, if his, the alimony decree vests it in her. The purpose and effect of the decree for alimony is to take part of defendant's property and vest it in plaintiff for her support and maintenance. The suit for divorce and alimony brought by the wife has nothing to do with the wife's property and the court would have no power or jurisdiction therein to take property from the wife and vest it in the husband—no more than it could vest in either one the property of a stranger. The suit for alimony has nothing to do with determining the ownership of property as it existed prior to and independent of such suit. If the decree undertook to do so, it would be void to that extent as being beyond the jurisdiction of the court in that proceeding. [Charles v. White, 214 Mo. 187, 112 S. W. 545.]

The fact that the court may inquire as to what property the wife already has in determining how much of the husband's property should be awarded her for alimony in no way brings her property into litigation so as to decree its ownership—no more than if the court should inquire as to the property of her parents and her possible future inheritance for the same purpose, would bring that property into litigation as to its ownership. Doubtless, in determining the comparative wealth of these parties, the trial court did not find it necessary to go into details and even inquire in a collateral way as to the rival claims of ownership of the husband and wife to this personal property, but awarded it all to her as being a proper allowance whether all or part of it was already hers

or not. If the judgment for alimony is affirmed by the Supreme Court, the plaintiff gets nothing, and the defendant loses nothing, by this suit. If such judgment is reversed, why should not plaintiff have what is already hers independent of any award of alimony?

The defendant cites the case of Sharkey v. Kiernan, 97 Mo. 102, 104, 10 S. W. 886, where the court said: "When it was made to appear, in the progress of the trial of the partition suit, in the court below, that there was a former suit still pending on appeal to the Supreme Court, between these same parties, in reference to these same lands, and *involving adverse claims of title thereto,* the proper thing for the trial court to have done under the facts of the case was to suspend all further proceedings in the partition suit until the determination of the controversy in the prior suit." That case is not applicable here, because, as we have seen, the suit for alimony pending in the Supreme Court does not involve and will not settle the adverse claim of title to this property existing prior to and independent of that judgment.

The fact that plaintiff made statements as to ownership of this property in the trial of the divorce case more or less contradictory of her statements and claims at this trial was for the consideration of the referee and trial court much as if such contradictory statements had been made out of court or in any proceeding making it pertinent to inquire as to her ownership of property as a matter of evidence. It affected her credibility as a witness, but that was a matter for the trial court.

The defendant contends that no proper evidence was introduced as to the value of some of the articles awarded to the plaintiff. The plaintiff concedes this as to a hand painted jardiniere and two pairs of slips and five bolsters to match, and offers to file here her election to take these articles and not demand the assessed value thereof. The plaintiff will be allowed

to do this and the judgment be modified accordingly. The judgment, as thus modified, will be affirmed.

*Robertson, P. J.,* concurs.  *Farrington, J.,* concurs.